UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Joyce Boddie,                                      Case No. 16-cv-1850

    Plaintiff

    v.                                              MEMORANDUM OPINION

City of Lima, Ohio, et al.,

    Defendants

## I.     INTRODUCTION

Before me are: (1) Defendants' motion for judgment on the pleadings (Doc. No. 24), with opposition by Plaintiff (Doc. No. 38), and reply by Defendants (Doc. No. 39); (2) Defendants' motion to stay pending judgment of the motion for judgment on the pleadings (Doc. No. 25), with opposition by Plaintiff (Doc. No. 32), and reply by Defendants (Doc. No. 34); and (3) Defendants' unopposed motion to dismiss crossclaim of Defendant Renae Young. (Doc. No. 31).

## II.     BACKGROUND

On the night of July 25, 2014, Kevin Godsey led Lima police officers on a high-speed chase through commercial and residential areas of Lima, Ohio, reaching speeds of 80-90 miles per hour. (Doc. No. 9 at 2-3, 26-27). While under pursuit, Godsey entered the intersection of Central and Kirby Streets and collided with another vehicle. *Id.* at 3, 16-17. De'Vontae Ki'Sean Williams was a passenger in the vehicle with which Godsey collided. *Id.* Following the collision, Williams was transported to the hospital where he was pronounced dead. *Id.*

As successor administratrix of Williams' estate, Plaintiff Joyce Boddie filed suit on July 22, 2016. *Id.* at 2. The thirteen-count complaint takes two paths. The first alleging claims directed against the vehicle driven by Godsey, and the second alleging claims directed at the police. *Id.* at 17-

61. The first set of claims along with Defendants Kevin Davhon Godsey, Renae Young, and Austin Amsler have been dismissed, with prejudice. (Doc. No. 41). Remaining are the second set of claims against the City of Lima, the Lima Police Department, and the officers thereof, collectively "Lima Defendants." (Doc. No. 9 at 21-61).

### III. MOTION TO DISMISS CROSSCLAIM

At the outset, I will address Lima Defendants' motion to dismiss the crossclaim asserted by Defendant Renae Young against all co-defendants. (Doc. No. 31). In the crossclaim, Young requests indemnification if she were to be found negligent under owner's liability, as Boddie alleged. (Doc. No. 27 at 11-12). But because the claim against Young was dismissed, with prejudice, there is no need for indemnification. (Doc. No. 41). Therefore, Young's crossclaim is dismissed as moot. Accordingly, Lima Defendants' motion to dismiss the counterclaim is also dismissed as moot. (Doc. No. 31).

### IV. MOTION FOR JUDGMENT ON THE PLEADINGS

The same pleading requirements apply to a motion to dismiss under Rule 12(b)(6) and a motion for judgment under the pleadings pursuant to Rule 12(c). *Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008). A court construes the complaint in the light most favorable to the plaintiff and accepts as true well-pleaded factual allegations. *Daily Servs., LLC v. Valentino*, 756 F.3d 893, 896 (6th Cir. 2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). Legal conclusions and unwarranted factual inferences masquerading as factual allegations are not entitled to a presumption of truth. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Factual allegations must be sufficient to state a claim that is "plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556-57, 570 (2007)). "A plaintiff falls short if [they] plead[] facts 'merely consistent with a defendant's liability' or if the alleged facts do not 'permit the court to infer more than the mere possibility of misconduct. . . .'" *Albrecht v. Treon*, 617 F.3d 890, 893 (6th Cir.) (quoting *Iqbal*, 556 U.S. at 678-79), *cert denied*, 131 S.Ct. 1047 (2011).

Here, Boddie asserts ten counts of action against the remaining Lima Defendants. First, Boddie asserts §1983 claims against several named officers, Chief Kevin Martin, and the City of Lima.[1] Boddie then asserts two state law claims. The first: negligence on the part of the named officers, the second: spoliation of evidence against all Lima Defendants. The Lima Defendants move for judgment on the pleadings with respect to all of these claims.

A.      42 U.S.C. § 1983

Section 1983 creates a cause of action against "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).

Boddie asserts two § 1983 claims against the named officer Defendants, one based upon the high-speed chase and the other, the medical care given to Williams following the chase. The remaining six counts of action against Chief Kevin Martin and the City of Lima are based upon the alleged failure to train and failure to promulgate rules, regulations, and policies.[2]

---

[1] In opposition to the motion for judgment on the pleadings, Boddie asserts that Counts Four through Nine are § 1983 claims. (Doc. No. 38). But Count Ten is identical to Count Nine, with the exception of the Defendant against whom it is asserted. (Doc. No. 9 at 50-58). Further, Boddie's opposition fails to address Counts Eight, Nine, and Ten of the complaint. Based on a generous reading of the complaint with the aid of Boddie's opposition, I find Counts Four through Ten – eight counts total because there are two counts labeled "Count Seven" – are asserted under § 1983 and will treat them as such.

[2] Count Five and the first Count Seven assert failure to train claims against Chief Kevin Martin and the City of Lima. Count Eight and the second Count Seven and assert claims of "failure to promulgate rules, regulations, and policies" against each. Count Nine and Ten are also asserted against each and are headed, "Policies and Procedures Before the Accident." But the legal basis for these counts seem to be identical to Count Eight and the second Count Seven. Because Boddie

1.  Named Officers

"It is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by [ ] each of the named defendants." *Bennett v. Schroeder*, 99 F. App'x 707, 712-13 (6th Cir. 2004); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("This Court has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right."). Further "[b]ecause vicarious liability is inapplicable to … § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Here, Boddie asserts claims against Patrolman S. Jones, Patrolman Montgomery, Sergeant Hart, Supervisor Sprouse, Patrolman Link, Officer Vaccaro, Supervisor Sprunk, Officer Hillard, Officer Brotherhood, Officer Woodworth, Officer Garlock, Lieutenant Leary, Officer Strickler, and several John Does. (Doc. No. 9 at 5). But the complaint contains no facts regarding the conduct of any officer other than Patrolman Montgomery, who was driving the patrol vehicle which pursued Godsey's vehicle. Instead, Boddie admits that she "is not unmindful that some of the defendants named in the complaint may have had little participation, if any at all, in the events and therefore may not be liable." (Doc. No. 38 at 14-15). Because Boddie states no facts to suggest personal involvement by anyone other than Patrolman Montgomery, the § 1983 claims against all officers other than Defendant Patrolman Montgomery must be dismissed on these grounds.

2.  Constitutional Violations

Along with a Fourteenth Amendment substantive due process violation, Boddie asserts that Williams' Fourth, Fifth, and Eighth Amendment rights were violated. In her opposition, Boddie concedes the Fifth Amendment claim should be dismissed. (Doc. No. 38 at 19). But with respect

---

asserts no independent legal basis for these claims, I will treat the four counts of action in the same manner.

to the Fourth and Eighth Amendment claims, she makes conflicting statements throughout her opposition as to whether or not she believes they may survive. *Id.* at 16, 18, 24 n.28, 35.

Briefly, contrary to Boddie's argument, the Supreme Court has specifically held "that a police pursuit in attempting to seize a person does not amount to a 'seizure' within the meaning of the Fourth Amendment." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 844 (1998) (citing *California v. Hodari D.*, 499 U.S. 621, 626 (1991)). Therefore, the Fourth Amendment claim must be dismissed as a matter of law.

Additionally, "the Eighth Amendment applies only to those individuals who have been tried, convicted, and sentenced." *Richko v. Wayne Cnty., Mich.*, 819 F.3d 907, 915 (6th Cir. 2016). Because Williams was merely an innocent bystander, the Eighth Amendment does not apply. Further, because Boddie's medical intervention claims are premised solely upon Eighth Amendment case law relating to the "deliberate indifference" to serious medical needs of inmates, any medical intervention claim must be dismissed. (Doc. No. 38 at 15, 24 n.28). Therefore, the § 1983 claims may only survive if the high-speed chase amounted to a Fourteenth Amendment substantive due process violation.

3. Patrolman Montgomery

"The doctrine of qualified immunity protects government officials 'from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Pearson v. Callahan*, 555 U.S. 223, 231 (2009) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). In practice, qualified immunity "provides ample protection to all but the plainly incompetent or those who knowingly violate the law." *Malley v. Briggs*, 475 U.S. 335, 341 (1986).

Because qualified immunity "is an *immunity from suit* rather than a mere defense to liability; … it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (emphasis in original). Therefore, "[u]nless the plaintiff's allegations state a claim of

violation of clearly established law, a defendant pleading qualified immunity is entitled to dismissal before the commencement of discovery." *Mitchell*, 472 U.S. at 526 (citing *Harlow*, 457 U.S. at 818).

"Qualified immunity shields federal and state officials from money damages unless a plaintiff pleads facts showing (1) that the official violated a statutory or constitutional right, and (2) that the right was 'clearly established' at the time of the challenged conduct." *Ashcroft v. al-Kidd*, 563 U.S. 731, 735 (2011). The order in which the two elements are considered lies within the discretion of the court. *See Pearson*, 555 U.S. at 236.

"A clearly established right is one that is 'sufficiently clear that every reasonable official would have understood that what he is doing violates that right.'" *Mullenix v. Luna*, 136 S.Ct. 305, 308 (2015) (quoting *Reichle v. Howards,* 566 U.S. 658, 664 (2012) (internal quotation marks and alteration omitted)). This standard "do[es] not require a case directly on point, but existing precedent must have placed the statutory or constitutional question beyond debate." *al-Kidd*, 563 U.S. at 741. "The precedent must be clear enough that every reasonable official would interpret it to establish the *particular* rule the plaintiff seeks to apply." *District of Columbia v. Wesby*, 138 S.Ct. 577, 590 (2018) (emphasis added). Therefore, "[t]he dispositive question is 'whether the violative nature of *particular* conduct is clearly established.'" *Mullenix*, 136 S.Ct. at 308 (quoting *al-Kidd*, 563 U.S. at 742) (emphasis added by *Mullenix*).

At the time of the crash in 2014, it was clearly established that "high-speed chases with no intent to harm suspects physically or to worsen their legal plight do not give rise to liability under the Fourteenth Amendment, redressible by an action under § 1983." *Lewis*, 523 U.S. at 854. "[O]nly a purpose to cause harm unrelated to the legitimate object of arrest will satisfy the element of arbitrary conduct shocking to the conscience, necessary for a due process violation." *Id.* at 836. The same standard applied in cases of "death or injury to innocent third parties where the injury results from the pursuit." *Meals v. City of Memphis, Tenn.*, 493 F.3d 720, 729-31 (6th Cir. 2007); *see also Jones v.*

*Byrnes*, 585 F.3d 971, 976-78 (6th Cir. 2009); *Epps v. Lauderdale Cnty., Tenn.*, 45 F. App'x 332, 333-34 (6th Cir. 2002).

Here, Boddie states facts typical of a police chase. While these facts may support her argument of recklessness or even deliberate indifference, they do not indicate that Patrolman Montgomery acted with an intent to harm. Without facts to support her allegation that Patrolman Montgomery acted in a manner which "shocks the conscience," the phrase is merely a legal conclusion. Because Boddie states no facts by which one could infer that Patrolman Montgomery pursued the chase with an intent to cause harm to anyone, the claim must be dismissed.[3]

3. Failure to Train and Promulgation of Policies– Chief Kevin Martin and City of Lima

"[T]he inadequacy of police training may serve as the basis for § 1983 liability only where the failure to train amounts to deliberate indifference to the rights of persons with whom the police come into contact." *City of Canton, Ohio v. Harris*, 489 U.S. 378, 388 (1989). But to create a plausible claim of liability on the part of the municipality or the police chief, there must first be a constitutional violation by an officer which could have been prevented with rules or training. *See, e.g.*, *Meals*, 493 F.3d at 731; *Claybrook v. Birchwell*, 199 F.3d 350, 361 (6th Cir. 2000) (holding that "because the charged official conduct did not inflict any constitutional deprivation" the CEO of the police department could not "be liable to her for any alleged neglect to train or supervise those officers, or failure to develop appropriate deadly force policies"); *City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986) (holding that without a constitutional violation, there can be no municipal liability).

Here, there was no constitutional violation. As noted above, there are no facts to indicate

---

[3] Although Boddie argues adjudication on this matter is premature, my trial court colleagues have granted motions to dismiss when the plaintiff failed to plead facts suggesting intent. *See Lopez v. Shelby Cnty. Sheriff's Dept.*, No. 15-2468, 2016 WL 94144 (W.D. Tenn. Jan 7, 2016); *Sidi v. City of Cincinnati*, No. 1:13cv242, 2014 WL 1276195 (S.D. Ohio Mar. 27, 2014); *Lowder v. Linndale*, No. 1:10cv1179, 2011 WL 1256941 (N.D. Ohio Mar. 31, 2011); *Jones v. City of Memphis*, No. 06-2340, 2007 WL 2351591 (W.D. Tenn. Aug. 14, 2007). The Sixth Circuit has also affirmed one such case presenting a similar argument regarding the application of a deliberate indifference standard. *See Epps v. Lauderdale Cnty., Tenn.*, 45 F. App'x 332 (6th Cir. 2002).

Patrolman Montgomery violated Williams' Fourteenth Amendment substantive due process rights by pursuing the high-speed chase with intent to cause harm. Therefore, there is no basis for the failure to train or failure to promulgate policies claims against the City of Lima and Lima Police Department Chief Kevin Martin. Accordingly, all § 1983 claims are dismissed.

B.      State Law Claims

Boddie asserts a state law claim of negligence against the named officer Defendants.[4] She also asserts claims of spoliation of evidence against all Lima Defendants. Lima Defendants argue the claims should be dismissed on grounds of statutory immunity. Boddie does not address the applicability of statutory immunity. Instead, she incorrectly claims the Lima Defendants sought dismissal of these claims on the basis of supplemental jurisdiction. (Doc. 38 at 32).

1.      Officer Defendants

As employees of the City of Lima, the named officers are "immune from liability unless" their "acts or omissions were with malicious purpose, in bad faith, or in a wanton or reckless manner." O.R.C. § 2744.03 (A)(6)(b).[5] Here, Boddie asserts a claim of "negligence" against the named officers. Because negligent conduct does not fall within the exception to statutory immunity, the state law negligence claim against the officers must be dismissed.

Further, the spoliation claim against the officers is premised on their alleged "willful and wanton, reckless actions resulting in their refusal or inability to conduct a proper investigation and examination." (Doc. No. 9 at 61). But Boddie states no specific acts or omissions which would lead to an inference that any of the officers acted with bad faith or in a reckless manner when conducting the investigation. Because there are no facts to support Boddie's legal conclusion of culpability, she fails to state a plausible claim of spoliation for which relief may be granted.

---

[4] Defendants also point out that Boddie appears to assert she has stated a negligence claim against the City of Lima, but that claim is not alleged in the complaint. Therefore, I will not adjudicate a claim not yet asserted, but caution Boddie to review Ohio law regarding statutory immunity before proceeding with any such claim.

[5] The statute provides two other exceptions to immunity, but neither arguably applies here.

8

2. City of Lima

The Ohio Revised Code provides five manners under which a political subdivision may be subject to a civil suit. O.R.C. § 2744.02 (B). None apply here to the claim of spoliation of evidence, an intentional tort. *See Stillwagon v. City of Delaware*, 175 F. Supp. 3d 874, 907-08 (S.D. Ohio 2016) (citing cases in support of the statement, "specifically, Ohio courts have held that political subdivisions are immune from intentional torts such as malicious prosecution, civil conspiracy, and spoliation of evidence."). Therefore, the City of Lima, as a political subdivision, is immune from suit for spoliation of evidence and the claim must be dismissed as a matter of law.

V. LEAVE TO AMEND THE COMPLAINT

In her opposition, Boddie moves for leave to amend the complaint. (Doc. No. 38 at 32-33). It is true that "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). But "'a bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which amendment is sought ... does not constitute a motion within the contemplation of Rule 15(a).'" *La. Sch. Employees' Retirement Sys. v. Ernst & Young, LLP*, 622 F.3d 471, 486 (6th Cir. 2010) (quoting *PR Diamonds v. Chandler*, 364 F.3d 671, 699 (6th Cir. 2004)). Additionally, "[n]ormally, a party seeking an amendment should attach a copy of the amended complaint." *Kuyat v. Biomimetic Therapeutics, Inc.*, 747 F.3d 435, 444 (6th Cir. 2014).

Here, not only does Boddie fail to attach a copy of an amended complaint, she also fails to state any facts which, if included in the complaint, would somehow affect the outcome here. Instead, she requests leave to amend after further discovery has been conducted. Without more, this inadequate motion to amend must be denied. *See Kuyat*, 747 F.3d at 444.

VI. CONCLUSION

For the foregoing reasons, Lima Defendants' motion for judgment on the pleadings is granted. (Doc. No. 24). Accordingly, the motion to stay pending judgment on the pleadings is dismissed as moot. (Doc. No. 25). Further, because Defendant Renee Young's crossclaim is

9

dismissed as moot, Lima Defendants' motion to dismiss the counterclaim is dismissed as moot. (Doc. No. 31).

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge